IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NANETTE COWAIN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-cv-00874-O |
| | § | |
| FLOWER MOUND HOSPITAL PARTNERS, | § | |
| LLC d/b/a TEXAS HEALTH | § | |
| PRESBYTERIAN HOSPITAL | § | |
| FLOWER MOUND | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION TO COMPEL

Defendant Flower Mound Hospital Partners, LLC ("Flower Mound" or "Defendant") files its Motion to Compel and states as follows:

### I.   BACKGROUND

**A.   Overview of Claims and Basis for Motion.**

This is an employment case involving a former employee of Flower Mound, Plaintiff Nanette Cowain. She claims she was discharged in violation of the Family and Medical Leave Act. She claims she was out of work for a number of months, then found a job at Parkland Hospital making less money than she was earning at Flower Mound.

Flower Mound served its First Request for Production on Plaintiff on August 22, 2013. (Exhibit "A"). The responses were due September 26, 2013. Plaintiff failed to timely serve responses. Defendant's counsel notified Plaintiff's counsel of the deficiency on October 17, 2013 (see Exhibit "B"). The responses were never provided by Plaintiff's former counsel. On January 10, 2014, Defendant again notified Plaintiff's new counsel of record of the

deficiency (see Exhibit "C"). On January 18, 2014, Plaintiff's counsel finally produced an "unsigned" version of Plaintiff's Responses to Defendant Employer Flower Mound Hospital Partners, LLC's First Set of Interrogatories (sic), actually production responses (see Exhibit "D"). Plaintiff has now provided a signed copy, but is standing on untimely objections that have been waived.

## II.   REQUESTS AT ISSUE

**REQUEST FOR PRODUCTION NO. 2:**

All statements, documents, tangible items, electronic data, affidavits, transcripts, testimony, or other documents, sworn or unsworn, which you believe constitute evidence of any admission or statement against interest made and/or adopted by, or on behalf of any employee, supervisor or agent of Defendant.

**REQUEST FOR PRODUCTION NO. 5:**

All diaries, daytimers, journals and calendars you used or maintained during 2009, 2010, 2011, 2012, and 2013 and continuing through the date of trial relating to your employment with Defendant, work assignments or any allegation contained in the Complaint.

**REQUEST FOR PRODUCTION NO. 10:**

All e-mails exchanged with anyone in 2010, 2011, 2012 and 2013 relating to your efforts to find employment with an employer other than Defendant.

**REQUEST FOR PRODUCTION NO. 11:**

The following documents reflecting income you earned after your employment with Defendant ended: W-2 forms, 1099 forms, direct deposit receipts, and pay stubs.

**REQUEST FOR PRODUCTION NO. 12:**

If you have been self-employed, conducted business, or had any other income for work performed by you after your employment with Defendant ended, produce all invoices, statements, purchase orders, 1099 forms, W-9 forms and all other documents relating to the type of work performed, the date performed, and the amount of compensation paid for the work.

**REQUEST FOR PRODUCTION NO. 13:**

All notes taken by you relating to all conversations with employees of Defendant relating to your allegations of discrimination and/or retaliation.

**REQUEST FOR PRODUCTION NO. 15:**

All documents you referred to in preparation of your responses to any of Defendant's Interrogatories to Plaintiff.

**REQUEST FOR PRODUCTION NO. 26:**

All photographs and videos which relate in any way to your claims in this lawsuit.

**REQUEST FOR PRODUCTION NO. 30:**

An executed payroll and personnel records authorization (in the form attached).

**REQUEST FOR PRODUCTION NO. 36 (sic) [31]:**

If you applied for Social Security Disability Benefits after your employment with Defendant ended, produce a copy of your Social Security Benefit Application.

**REQUEST FOR PRODUCTION NO. 37 (sic) [32]:**

An executed Request for Copy of Tax Return (in the form attached).

**REQUEST FOR PRODUCTION NO. 38 (sic) [33]:**

An executed Social Security authorization (in the form attached).

### III.   ARGUMENT & AUTHORITIES

If a party fails to respond to a discovery request, the requesting party may seek an order compelling a response.[1]  Plaintiff now seeks to assert objections to the requests for production four (4) months after the deadline for serving responses.  The objections have been waived.  Even more troubling, in a case where Plaintiff claims substantial damages, she has only produced 96 pages of documents.  Plaintiff must be ordered to provide full and complete responses to the requests for production without objections.

### IV.   RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests the Court set this motion for hearing, and upon hearing the arguments of counsel, 1) grant Defendant's Motion to Compel, 2)

---

[1] TEX. R. CIV. P. 215.1(b).

**DEFENDANT'S MOTION TO COMPEL**                                              Page 3

order Plaintiff to produce all responsive documents within ten days of the date of the Court's order, and 3) grant such other and further relief to which it is entitled.

>Respectfully submitted,
>
>/s/ William L. Davis
>William L. Davis, Esq.
>State Bar No. 05563800
>davisw@jacksonlewis.com
>Julie A. Farmer, Esq.
>State Bar No. 24059734
>farmerj@jacksonlewis.com
>JACKSON LEWIS LLP
>500 N. Akard, Suite 2500
>Dallas, Texas 75201
>PH:  (214) 520-2400
>FX:  (214) 520-2008
>
>ATTORNEYS FOR DEFENDANT

### **CERTIFICATE OF CONFERENCE**

I certify that counsel for the parties conferred on January 22, 2014, regarding the contents of this motion and Plaintiff's counsel will not agree to withdraw the objections and produce the documents requested.

>/s/ William L. Davis
>William L. Davis, Esq.

### **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Northern District of Texas on January 23, 2014, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

>/s/ William L. Davis
>William L. Davis, Esq.